[48 NYS3d 763]

In the Matter of JOHN F. BURKE (Admitted as JOHN FRANCIS BURKE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 15, 2017

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky,* Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*McDonough & McDonough, LLP,* Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 14, 2016 containing two charges of professional misconduct. After a prehearing conference on April 15, 2016, and a hearing on May 18, 2016, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and proper. The respondent has submitted papers in support of the motion to confirm and asks for the issuance of a private reprimand.

Charge one alleges that the respondent engaged in conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On or about August 4, 2014, the respondent was arrested by an officer of the Bennington, Vermont, Police Department, and charged with three misdemeanor crimes: (1) operating a motor vehicle on a public highway with an alcohol concentration of 0.08 or more, in violation of Vermont Statutes Annotated title 23, § 1201 (a) (1); (2) operating a motor vehicle on a public highway while under the influence of intoxicating liquor, in violation of Vermont Statutes Annotated title 23, § 1201 (a) (2); and (3) providing false information to a law enforcement officer, in violation of Vermont Statutes Annotated title 13, § 1754 (a).

The Vermont court set written conditions of release for the respondent on the charges, among which was condition No. 12, which stated that "[y]ou must NOT buy, have or drink any alcoholic beverages." In an information by the state's attorney dated January 7, 2015, the respondent was charged with the misdemeanor crime of violation of the conditions of release, in violation of Vermont Statutes Annotated title 13, § 7559 (e),

alleging that, on or about October 26, 2014, the respondent violated condition No. 12.

On or about April 10, 2015, pursuant to a written plea agreement, the respondent pleaded guilty to (1) operating a motor vehicle on a public highway while under the influence of intoxicating liquor, under Vermont Statutes Annotated title 23, § 1201 (a) (2), and (2) violating the conditions of release, under Vermont Statutes Annotated title 13, § 7559 (e), both misdemeanors. In his plea allocution, the respondent admitted the facts of his operation of a motor vehicle on a public highway while under the influence of alcohol, and the facts of his violation of the conditions of release by his use of alcohol. He was sentenced to a fine of $750 for the driving under the influence offense, and a fine of $500 for the violation of the conditions of release offense.

Charge two alleged that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), in that he was convicted of the misdemeanor crimes as set forth above in charge one.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent urges the Court to impose a private reprimand, or, alternatively, a public censure. The respondent argues that a public censure is a heavier sanction than in the past due to the existence of the Internet. We find this argument to be without merit.

In view of the mitigation advanced, including the absence of any prior disciplinary history, the respondent's remorse, the steps taken by the respondent to rehabilitate himself and maintain sobriety, and his generally excellent reputation in the community, we conclude that a public censure is warranted.

ENG, P.J., RIVERA, DILLON, BALKIN and ROMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John F. Burke, admitted as John Francis Burke, is publicly censured for his professional misconduct.